DECLARATION OF CATHERINE PEREZ

I, Catherine Perez, Esq., hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I make this declaration based on my personal knowledge. If called to testify, I could and would do so competently and truthfully to these matters.

2. I am the founding attorney of the Law Offices of Catherine Perez, PLLC, based in Doral, Florida. My firm has been providing legal representation for immigration matters in Miami since 2018. I am a licensed attorney in good standing with the Florida Bar. I have over 7 years of specialized experience in immigration law, including removal defense; family-based and humanitarian relief (VAWA, U, and T visas); and employment-based petitions such as EB-1 and EB-2.

3. I represent E.R., who is now detained at "Alligator Alcatraz" in his immigration proceedings. He is afraid of being publicly named in this lawsuit. He is afraid of the stigma that would be associated with being detained at a facility where government officials have repeatedly indicated they will detain the "worst of the worst." He is also afraid of harassment and physical harm that could result from retaliation and harassment by law enforcement, immigration officials, and members of the public.

4. E.R. entered the United States without inspection on June 17, 2014, and has lived here for over ten years. He likely qualifies for Cancellation of Removal. E.R. previously attempted to adjust status under the Cuban Adjustment Act after marrying a lawful permanent resident of Cuban descent, but he relied on a notario who misrepresented their qualifications, and his application was denied. E.R. has a five-year-old U.S. citizen daughter. He has never been convicted of any crimes.

5. On June 27, 2025, E.R. was stopped while driving on I-75 near Fort Myers. He has a valid driver's license which he presented when asked. He was not cited or told the reason for the stop.

6. E.R. was taken into government custody and initially held at a facility in Dania Beach, which I believe based on location and context was a county jail. He was then transferred into ICE custody. Within 24 hours, he was transferred to the Alligator Alcatraz facility. I was first informed of this transfer by E.R.'s wife.

7. For five days, E.R. was entirely unreachable. Neither I nor his family knew his whereabouts, and he did not appear in the ICE online detainee locator during that time. We did not receive confirmation of his location until July 2, 2025. I spoke with E.R.'s wife the following day, on July 3, 2025.

8. On July 2, 2025, E.R. was permitted a single five-minute phone call to his wife using a monitored, non-confidential line. To date, he has not been provided any confidential

means to speak with an attorney—and despite my efforts, I have been unable to obtain a confidential call with him.

9. When I learned he had been transferred to the Alligator Alcatraz facility, I immediately attempted to locate him using ICE's Online Detainee Locator System at https://locator.ice.gov/odls/#/search. The system returned no results under his A-number or date of birth. As of July 15, 2025, at 7:30 p.m., he still does not appear in the system (see Exhibit A).

10. There is no apparent process for attorneys to safely and confidentially contact detained individuals at the "Alligator Alcatraz" facility. I attempted to reach the facility multiple times—by phone and email—to inquire about legal visits, legal calls, and how to communicate with my client. I received no meaningful response to any of my outreach.

11. When I looked for a phone number for the facility, I could not find any. I searched multiple times at different times, but none was made publicly available.

12. On July 7, 2025, I called the ICE Miami Field Office seeking information about how to access my client. I remained on hold for over 52 minutes before the call disconnected without reaching a representative. (Exhibit B).

13. On July 10, 2025, at 5:09 p.m., I emailed three ICE officers letting them know that my attempts to schedule a legal call with my client have been unsuccessful, and requesting guidance on the method I should be using to reach my client. (Exhibit F).

14. On July 10, 2025 at 6:13 p.m. I also emailed legal@privacy6.com and ICE's Miami outreach email (Miami.Outreach@ice.dhs.gov) —again asking how to arrange a legal call or visit, or to identify who oversees my client's case. (Exhibit C). My colleague at Gallardo Law also attempted contact and received a bounce-back message.

15. On July 15, 2025, at 12:04 p.m., I sent a follow up email reiterating my need for a legal visit with E.R., as well as an additional prospective client. I reminded the recipients that I had written them with a request for a visit on July 10, 2025, but had not heard back. In my professional experience, it is unusual to have to request an appointment to conduct a legal visit at a detention facility in person – and even virtual or telephonic call requests can be scheduled to take place within 24 hours.

16. I finally received an email response that day at 12:53 p.m. (see Exhibit D). Attached to the email was a Legal Counsel Visitation Form, as an attachment to an email which had never previously been disclosed or referenced. (see Exhibit E). Again, I have never had to fill out any such form for an in-person legal visit with my clients. Nevertheless, this form was returned by email according to the instructions to legal@privacy6.com. However, as of today, July 16th, 2025, no response has been received.

17. E.R. is detained in overcrowded, unsanitary, and harsh conditions with no access to or even infrastructure for obtaining legal counsel.

18. E.R. reports being held in a housing unit with 32 other people. The bunks are basic, and there are three toilets, but there is no meaningful privacy. The bathroom is open from the waist up—people using it are visible to others in the unit.

19. There are only three phones shared among the 32 individuals. Each person is limited to 4 or 5 minutes per call and must wait in line again to call back. Because of poor signal strength, calls often drop after one or two minutes.

20. E.R. told me that the facility does not post any information about how to reach an attorney, schedule a legal call, or contact ICE. Neither E.R. nor I have been informed of who his Deportation Officer is. No ICE official has contacted him. Based on my experience, detained individuals typically meet with ICE within a few days; it has now been more than two weeks.

21. E.R. described the facility as essentially a tent structure with no enclosed space for legal visits. He reports that there is no cafeteria or private room available for confidential conversations. Around July 4, 2025, he told me there was flooding in the outdoor areas used for movement, restricting detainee access to outdoor time.

22. He also reported that meals are inconsistent—some days only one or two boxed meals are provided, typically containing items like a sandwich and chips. There is no posted or predictable meal schedule.

23. E.R. noted that mosquitoes continue to be a constant problem, making rest difficult. He received Tylenol when he had a sore throat but has not otherwise needed medical care.

24. As a result of the barriers to access to counsel at the facility, our firm has been unable to provide legal services to our client. Due to these barriers, we have spent approximately 9 hours of staff time and $3,150.00 in costs that we would not have otherwise incurred. This includes time spent attempting to obtain information about how to communicate with detainees, requesting access, and waiting at the facility only to be refused an in-person visit.

25. Attached as Exhibits A through F are true and correct copies of communications and records documenting the barriers to legal access described in this declaration. These include:

- **Exhibit A:** search results for E.R. using the ICE Online Detainee Locator on July 15, 2025 at 7:30 p.m.
- **Exhibit B:** phone call log from attempts to communicate with ICE re. Alligator Alcatraz
- **Exhibit C:** July 10, 2025 email to ICE Miami Field Office and other officials requesting assistance.

- **Exhibit D:** July 15, 2025, email with response from legal@privacy6.com
- **Exhibit E:** Legal Counsel Visitation Request Form sent as an attachment July 15, 2025
- **Exhibit F:** July 10, 2025 Email to Deportation Officers

26. E.R. has confirmed to me via phone that he wishes to be a plaintiff in this lawsuit to ensure confidential, private attorney communication.

Executed on this 16th day of July, 2025, at Doral, Florida.

/s/ _____

Catherine Perez, Esq.

**EXHIBIT A**

Search results for E.R. using the USCIS Online Detainee Locator on July 15, 2025 at 7:30 p.m.


Official Website of the Department of Homeland Security


U.S. Immigration and Customs Enforcement

Report Crim



## Search Results: 0

Your search has returned zero (0) matching records. Please re-check the search terms you entered to ensure they are correct and try your query again. Please remember the system does not provide information for detainees under the age of 18.

If you conducted a name-based search, please remember that only exact matches to the name you entered will be returned. You may want to try searching any name or spelling variants used by the detainee.

If you conducted an A-Number search you may want to try conducting a name-based search instead.

If you are unable to find the detainee using the Online Detainee Locator System, please contact your local field office.

For more information on the Missing Migrant Program please visit link.

**BACK TO SEARCH >**

### Related Information

**Helpful Info**

Status of a Case

About the Detainee Locator

Brochure

ICE ERO Field Offices

ICE Detention Facilities

**EXHIBIT B**
Phone call log from attempts to
communicate with ICE re. Alligator Alcatraz



# EXHIBIT C

July 10, 2025, email to ICE Miami Field Office
and other officials requesting assistance.

---------- Forwarded message ---------
From: **Catherine Perez** <catherineperezlaw@gmail.com>
Date: Thu, Jul 10, 2025 at 6:13 PM
Subject: [redacted]
To: <legal@privacy6.com> "Miami.Outreach" <Miami.Outreach@ice.dhs.gov>,

Good Afternoon,

My office represents Mr. [redacted] in his immigration proceedings. His family has informed our office that he is currently detained in "Alligator Alcatraz." We have been trying to schedule a legal call/visit with him, however, these attempts have been unsuccessful.

Please advise what is the current method to reach my client. Your guidance is greatly appreciated.

Regards,

Catherine Perez, Esq.
Law Offices of Catherine Perez, PLLC
3470 NW 82nd Ave
Suite 670
Doral, FL 33122
Phone: (305) 409-5752

This e-mail, as well as any attachments to the same, is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521 and is legally privileged under federal and state laws, including but not limited to laws applicable to the attorney-client privilege and other private matters. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, please destroy the email after advising by reply that you erroneously received this. The receipt by anyone other than the designated recipient does not waive the attorney-client privilege, nor will it constitute a waiver of the work-product doctrine.

**EXHIBIT D**

July 15, 2025, email with response
from legal@privacy6.com

**Fwd: LEGAL VISIT**

📎 Legal...7.11.25.pdf    attachment-1.png    attachment-2.png

---------- Forwarded message ----------
From: **TNT - Legal** <legal@privacy6.com>
Date: Tue, Jul 15, 2025 at 12:53 PM
Subject: Re: LEGAL VISIT
To: Catherine Perez <catherineperezlaw@gmail.com>

Thank you for contacting the South Detention Facility to request an appointment with your client.
Attached to this email is the **Attorney Visit Request Form**. Please complete the form in its entirety and return it via email to legal@privacy6.com. Once received, our team will review the information and reach out to you to schedule your visit accordingly.
As we continue to develop and expand direct legal access resources at the facility, please be assured that we are working diligently to ensure timely, secure, and reliable attorney-client communication. We recognize the importance of these interactions and are committed to continuously improving the systems that support them.
We sincerely appreciate your patience and understanding as we enhance our processes to better serve both legal counsel and the individuals in our care.

If you have any urgent matters or require further assistance, please include that in your response.
Thank you for your cooperation.
Respectfully,
Southern Detention Coordination Team
legal@privacy6.com

---

From: Catherine Perez <catherineperezlaw@gmail.com>
Sent: Tuesday, July 15, 2025 12:04 PM
To: southfacility@em.myflorida.com <southfacility@em.myflorida.com>; TNT - Legal <legal@privacy6.com>
Subject: LEGAL VISIT

Good Afternoon,

I would like to schedule a legal visit with two of my clients that are being held at the Dade Collier Detention Center. The following is there information:

1. ████████████
2. ████████████

Please let me know the next availability. I submitted a request through the @legal@privacy6.com since July 10th, but I have not had any response.

Best Regards,

**Catherine Perez, Esq.**
**Law Offices of Catherine Perez, PLLC**
3470 NW 82nd Ave
Suite 670
Doral, FL 33122
Phone: (305) 409-5752

This e-mail, as well as any attachments to the same, is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521 and is legally privileged under federal and state laws, including but not limited to laws applicable to the attorney-client privilege and other private matters. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, please destroy the email after advising by reply that you

**EXHIBIT E**

Legal Counsel Visitation Request Form
sent as an attachment July 15, 2025.

# South Detention Facility
## Legal Counsel Visitation Request Form

**Attorney Information**
Full Name: _____

Bar Number: _____

Law Firm Name: _____

Phone Number: _____

Email Address: _____

Mailing Address: _____
_____

**Client (Inmate) Information**
Full Name: _____

Inmate Number: _____

Facility Name: _____

Housing Unit/Location (if known): _____

**Visitation Request Details**
Requested Date(s) of Visit: _____

Requested Time(s): _____

Purpose of Visit:
☐ Privileged Legal Visit
☐ Document Review
☐ Case Consultation
☐ Other: _____

1 | P a g e

**EXHIBIT F**

July 10, 2025 Email to Deportation Officers

---------- Forwarded message ---------
From: **Catherine Perez** <catherineperezlaw@gmail.com>
Date: Thu, Jul 10, 2025 at 5:09 PM
Subject: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
To: <alvin.l.vincent@ice.dhs.gov>, Cuevas, Juan <Juan.Cuevas@ice.dhs.gov>, <charles.parra@ice.dhs.gov>

Good Afternoon,

My office represents Mr. ▮▮▮▮▮▮▮▮▮▮ in his immigration proceedings. His family has informed our office that he is currently detained in "Alligator Alcatraz." We have been trying to schedule a legal call/visit with him, however, these attempts have been unsuccessful.

Please advise what is the current method to reach my client. Your guidance is greatly appreciated.

Regards,

**Catherine Perez, Esq.**
**Law Offices of Catherine Perez, PLLC**
3470 NW 82nd Ave
Suite 670
Doral, FL 33122
Phone: (305) 409-5752

This e-mail, as well as any attachments to the same, is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521 and is legally privileged under federal and state laws, including but not limited to laws applicable to the attorney-client privilege and other private matters. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, please destroy the email after advising by reply that you erroneously received this. The receipt by anyone other than the designated recipient does not waive the attorney-client privilege, nor will it constitute a waiver of the work-product doctrine.