**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-23182**

**C.M.**, et al.,

                *Plaintiffs*,

   v.

**Kristi Noem**, Secretary of the United States Department of Homeland Security, in her official capacity, et al.,

                *Defendants*.

**DECLARATION OF EUNICE H. CHO IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR CLASS CERTFICIATION**

I, Eunice H. Cho, hereby declare:

1. I am Senior Counsel with National Prison Project ("NPP") of the American Civil Liberties Union Foundation ("ACLU"), and I am lead counsel for Plaintiffs in this case. I make this declaration to describe the qualifications of the ACLU-NPP and its attorneys to serve as counsel for the Proposed Class in this case. The following facts are based on my own personal knowledge, and if called as a witness, I could and would testify competently thereto.

**The ACLU National Prison Project ("NPP")**

2. The ACLU is a nationwide, nonprofit, nonpartisan organization with more than four million members and supporters across the country, and is dedicated to defending the principles of liberty, equality, and justice embodied in the Constitution and this nation's civil rights laws. Throughout its more than 100-year history, the ACLU has been deeply involved in protecting the rights of incarcerated people.

1

3. The National Prison Project, or NPP, was founded in 1972 as a project of the ACLU's legal department, and is based in Washington, D.C. It has decades of experience in complex class action suits brought on behalf of people incarcerated in federal prisons and immigration detention centers, state adult and juvenile prisons, and local jails and juvenile detention facilities. NPP has represented incarcerated people in five cases before the U.S. Supreme Court, including arguing the seminal case of *Farmer v. Brennan*, 511 U.S. 825 (1994). Since its founding, the NPP has litigated challenges to conditions of confinement in prisons, jails, immigration detention, and juvenile correctional facilities in almost every U.S. state, as well as the District of Columbia and the U.S. Virgin Islands.

4. Challenges to conditions of confinement in which NPP has been certified as class counsel since 2000 include, among other cases: *Kingdom v. Trump*, No. 1:25-cv-00691, 2025 WL 1568238 (D.D.C. June 3, 2025) (challenge to Executive Order 14168, which prohibited any expenditure of federal funds to provide medical care or treatment of gender dysphoria among people in federal Bureau of Prisons ("BOP") custody); *Alex A. ex rel. Smith v. Edwards*, No. 3:22-cv-00573, 2023 WL 5628592 (M.D. La. Aug. 31, 2023) (challenge to practice of incarcerating children adjudicated delinquent in the former Death Row building at Louisiana State Penitentiary-Angola); *Favela Avendaño v. Asher*, No. 2:20-cv-00700, 2021 WL 1056113 (W.D. Wash. Mar. 18, 2021) (class action brought by ICE detainees challenging detention facility's failure to protect from COVID-19); *Fenty v. Penzone*, No. 2:20-cv-01192 (D. Ariz. Nov. 13, 2020) (class of all people detained in Maricopa County Jail challenging failure to protect from COVID-19); *Lucero-Gonzalez v. Kline*, No. 2:20-cv-00901 (D. Ariz. Nov. 3, 2020) (class of people detained by U.S. Marshals Service at Core Civic detention facility in Florence, Arizona); *Coreas v. Bounds*, No. 8:20-cv-00780, 2020 WL 5593338 (D. Md. Sept. 18, 2020) (class action brought by ICE detainees

challenging detention facility's failure to protect from COVID-19); *Malam v. Adducci*, 475 F. Supp. 3d 721 (E.D. Mich. 2020) (class action brought by ICE detainees challenging detention facility's failure to protect from COVID-19); *Busby v. Bonner*, 466 F. Supp. 3d 821 (W.D. Tenn. 2020) (class action of people detained in Shelby County Jail challenging failure to protect from COVID-19); *Augusto v. Moniz*, No. 1:20-cv-10685, 2020 WL 3051778 (D. Mass. June. 8, 2020) (class action brought by ICE detainees challenging detention facility's failure to protect from COVID-19); *Yanes v. Martin*, 464 F. Supp. 3d 467 (D.R.I. 2020) (class action brought by ICE detainees challenging detention facility's failure to protect from COVID-19); *Ahlman v. Barnes*, No. 8:20-cv-00835 (C.D. Cal. May 26, 2020) (provisional certification of class of people detained in Orange County Jails challenging failure to protect from COVID-19); *Gomes v. U.S. Dep't of Homeland Sec.*, 460 F. Supp. 3d 132 (D.N.H. 2020) (provisional certification of a class of ICE detainees challenging detention facility's failure to protect from COVID-19); *Alcantara v. Archambeault*, 613 F. Supp. 3d 1337 (S.D. Cal. 2020) (provisional certification of class of ICE detainees challenging detention facility's failure to protect from COVID-19); *Teneng v. Trump*, Case No. 5:18-cv-01609 (C.D. Cal. filed Aug. 1, 2018) (case brought against President Trump and officials from the Bureau of Prisons and Immigration and Customs Enforcement challenging the practice of incarcerating newly-arrived asylum seekers at a medium security federal prison); *Parsons v. Ryan*, 289 F.R.D. 513 (D. Ariz. 2013), aff'd, 754 F.3d 657 (9th Cir. 2014) (statewide challenge to health care and solitary confinement conditions in Arizona state prisons); *Rosas v. Baca*, 2012 WL 2061694 (C.D. Cal. June 7, 2012) (challenge to deputies' excessive use of force in Los Angeles County Jail facilities); *Henderson v. Thomas*, 913 F. Supp. 2d 1267 (M.D. Ala. 2012) (challenge to Alabama Department of Corrections' policy of segregating and stigmatizing HIV-positive incarcerated people); *Graves v. Arpaio*, 633 F. Supp. 2d 834 (D. Ariz. 2009), *aff'd*,

623 F.3d 1043 (9th Cir. 2010) (challenge to conditions in Maricopa County Jail); *Gates v. Cook*, 376 F.3d 323 (5th Cir. 2004) (challenge to conditions of confinement for death-sentenced prisoners in Mississippi); *Flynn v. Doyle*, 2007 WL 805788 (E.D. Wis. Mar. 14, 2007) (challenge to conditions in women's prison); *Inmates of the R.I. Training Sch. v. Martinez*, 465 F. Supp. 2d 131 (D.R.I. 2006) (challenge to conditions in juvenile facility); and *Jones'El v. Berge*, 164 F. Supp. 2d 1096 (W.D. Wis. 2001), 172 F. Supp. 2d 1128 (W.D. Wis. 2001), 374 F.3d 541 (7th Cir. 2004) (challenge to conditions in "supermax" prison).

5. NPP is committed to the vigorous, effective, and efficient prosecution of the interests of Plaintiffs and the proposed class (the "Class"), a commitment that we have demonstrated in our representation of Plaintiffs in the proceedings to date in this matter. We have dedicated many hours and financial resources to the investigation and research of Plaintiffs' claims – including developing the factual record and legal issues underlying this case, performing legal research about potential claims and relief available to the Class, and drafting a lengthy and detailed complaint as well as this class certification motion and motion for temporary restraining order.

6. The ACLU has dedicated, and will continue to commit, substantial resources to the representation of the Plaintiffs and the Class in this case.

7. Plaintiffs' counsel have agreed to act jointly as class counsel, if the Court so designates them.

**Eunice H. Cho**

8. I am a member of the California, Georgia, Washington, and District of Columbia bars. I currently have active admission in Washington and District of Columbia, and inactive status in Georgia and California. I am admitted to practice in numerous appellate and district courts, including the U.S. Courts of Appeals for the First, Third, Sixth, Eighth, Ninth, and Eleventh Circuits,

4

and the U.S. District Courts for the District of Columbia, Middle District of Georgia, Northern District of Georgia, and Western District of Washington.

9. I graduated from Stanford Law School with distinction in 2009, and clerked for the Hon. Kim McLane Wardlaw of the U.S. Court of Appeals for the Ninth Circuit. I have served as a Staff Attorney at the ACLU of Washington, a Staff Attorney at the Southern Poverty Law Center, and as a Skadden Fellow and then a Staff Attorney at the National Employment Law Project.

10. I litigate complex civil cases related the civil rights of immigrants and prisoners, including conditions of confinement in immigration detention and state prison systems, law enforcement abuse by Immigration and Customs Enforcement, and the labor and employment rights of non-citizens.

11. I have served as lead or co-counsel in numerous class actions challenging conditions of confinement on behalf of immigrant detainees throughout the United States. Significant cases include *Suazo Muller v. Noem*, No. 1-25-cv-00418 (D.D.C.); *Agusto v. Moniz*, No. 1:20-cv-10685 (D. Mass); *Coreas v. Bounds*, No. 8:20-cv-00780 (D. Md.); *Favela Avendano v. Bostock*, No. 2:20-cv-00700 (W.D. Wash.); *Malam v. Adducci*, No. 5:20-cv-10829 (E.D. Mich.); *Yanes v. Martin*, No. 1:20-cv-00216 (D.R.I.); *Giotto v. DHS*, No. 1:20-cv-00453 (D.N.H.) (provisional certification); and *Alcantara v. Archambeault*, No. 3:20-cv-00756-DMS-AHG (S.D. Cal.) (provisional certification). I have served as lead or co-counsel in over two dozen additional cases related to COVID-19 conditions in immigration detention facilities, and as lead counsel in *Americans for Immigrant Justice v. DHS*, No. 1:22-cv-03118-CKK, 2023 WL 1438376 (D.D.C. Feb. 1, 2023) (challenging inadequate access to counsel in ICE detention facilities).

12. I have also served as co-counsel in numerous complex class and collective action suits on behalf of non-citizens and incarcerated people, including *Braggs v. Dunn*, No. 2:14-cv-

601-MHT (M.D. Ala. 2017); *Jensen v. Thornell*, No. 2:12-cv-00601 (D. Ariz.). I have also served as co-counsel in collective action suits under the Federal Labor Standard Act (FLSA). *Bojoroquez-Moreno, et al. v. Shores & Ruark Seafood Co., Inc.*, No. 3:14-cv-670 (E.D. Va.) (FLSA collective action suit); *Cordova, et al. v. R&A Oysters, Inc.*, et al., No. 1:4-cv-462 (S.D. Ala.) (same); and *Franco-Hernandez et al. v. Southern Valley Fruit and Vegetable, Inc.*, No. 714-cv- 62 (M.D. Ga.) (same).

**Corene T. Kendrick**

13. My co-counsel, Corene Kendrick, is an attorney admitted to practice before the courts of the State of California. She is Deputy Director of NPP.

14. Ms. Kendrick received her J.D. in 2003 from Stanford Law School and was admitted to the California State Bar in November 2003. She is admitted to practice before the Central, Northern, and Eastern Districts of California, and the U.S. Courts of Appeal for the Fourth, Fifth, and Ninth Circuits.

15. Her entire legal practice since graduating from law school has focused on representing the constitutional and human rights of adults and children who are under the legal custody and control of the government, both correctional and child welfare agencies.

16. Prior to joining NPP in November of 2020, Ms. Kendrick was a Staff Attorney at the Prison Law Office (PLO) in Berkeley, California; Staff Attorney at the Youth Law Center in San Francisco; and a Skadden Fellow / Staff Attorney at Children's Rights in New York.

17. Ms. Kendrick's current active docket of class action litigation at NPP for which she is lead counsel or co-counsel includes: *Jensen v. Thornell*, No. 2:12-cv-00601 (D. Ariz.) (formerly known as *Parsons v. Ryan*), (class action challenging the adequacy of health care and conditions of confinement in isolation units in Arizona state prisons); *Rutherford v. Luna*, No. 2:75-cv-04111

6

(C.D. Cal.) and *Rosas v. Luna*, No. 2:12-cv-00428 (C.D. Cal.) (cases about conditions of confinement and use of force in the Los Angeles County jail system, the largest in the United States); *Alex A. v. Edwards*, No. 3:22-cv-00573 (M.D. La., 5th Cir.) (challenge to practice of incarcerating children adjudicated delinquent in the former Death Row building at Louisiana State Penitentiary-Angola); *Taylor v. Trump*, No. 1:25-cv-01161 (D.D.C.) (challenge to Executive Order 14164, which targeted formerly condemned men on federal death row whose sentences had been commuted to life without parole, to be incarcerated in "monstrous" conditions of confinement in BOP); *Kingdom v. Trump*, No. 1:25-cv-00691 (D.D.C.) (challenge to Executive Order 14168, which prohibited any expenditure of federal funds to provide medical care or treatment of gender dysphoria among people in BOP custody, drafted complaint and preliminary injunction briefing, and led multi-office team); *Vail v. Dunleavy*, No. 3:25-cv-00086 (D. Alaska) (challenge to the Alaska Department of Corrections regarding the provision of medical, mental health, and dental care); *Hernandez v. County of Monterey*, 5:13-cv-02354 (N.D. Cal.) (challenge to the provision of health care, disability accommodations, and general conditions of confinement in Monterey County jails).

18. From 2011 to 2020, Ms. Kendrick was an attorney at the Prison Law Office (PLO) in California, where, in addition to the *Jensen/Parsons* litigation against the Arizona Department of Corrections described above, whe was lead counsel for PLO on *Teneng v. Trump*, Case No. 5:18-cv-01609 (C.D. Cal.), which successfully challenged the first Trump Administration's policy of incarcerating asylum-seekers and immigrants in a federal prison in Victorville, CA. She was lead counsel for PLO on two federal class action lawsuits against California county jail systems (Contra Costa and Santa Barbara Counties) that challenged conditions of confinement, failure to provide physical plant and programmatic accommodations to persons with disabilities, and health

care provided to people in the facilities. She also worked for nine years on *Armstrong v. Newsom*, (formerly known as *Armstrong v. Brown*), including two years as lead attorney for PLO, a federal class action brought under the Americans with Disabilities Act on behalf of people with disabilities incarcerated in California state prisons. Among other things, she obtained a court order requiring sign language interpreters for all incarcerated deaf people in rehabilitative programs and health care encounters, *see* 939 F.Supp.2d 1012.

19. For eight years at Youth Law Center (2005-11) and Children's Rights (2003-05), Ms. Kendrick worked on numerous impact litigation cases in federal and state courts across the country on behalf of children in foster care and juvenile justice systems.

**Kyle Virgien**

20. My co-counsel and colleague Kyle Virgien is a Senior Staff Attorney at NPP. He graduated from Harvard Law School in 2011, and clerked for the Hon. Raymont T. Chen of the U.S. Court of Appeals for the Federal Circuit. He also was a litigation associate at Latham & Watkins LLP and McDermott, Will & Emery LLP.

21. Mr. Virgien was first admitted to practice in California in 2011, and he has been admitted to practice in the U.S. District Courts for the Northern, Central, and Southern Districts of California and Eastern District of Texas, and the U.S. Courts of Appeals for the Second, Seventh, Ninth, and Federal Circuits.

22. Mr. Virgien's legal practice focuses on the civil rights of people in immigration detention and other forms of detention, including conditions of confinement in immigration detention, jail, and prison.

23. Mr. Virgien has served as lead or co-counsel in class actions challenging conditions of confinement on behalf of immigrant detainees, including *Alcantara v. Archambeault*, No. 3:20-

8

cv-00756-DMS-AHG (S.D. Cal.) (provisional certification) and *Hernandez Roman v. Wolf*, No. 5:20-cv-00768-TJH-PVC (C.D. Cal.).

24.     Mr. Virgien has also served as lead or co-counsel in numerous additional cases involving conditions of confinement in immigration detention, including *Americans for Immigrant Justice v. DHS*, No. 1:22-cv-03118-CKK (D.D.C.); *Espinoza Escalona v. Noem*, No 1:25-cv-00604 (D.D.C.); *Las Americas Immigrant Advocacy Center v. Noem*, No. 1-25-cv-00418 (D.D.C.); and *Jimenez v. ICE*, No. 1:23-cv-06343-RMI (N.D. Cal.), and lead or co-counsel in numerous Freedom of Information Act cases involving immigration detention.

25.     Mr. Virgien has also served as lead or co-counsel in complex class action suits on behalf of people in criminal pre-trial detention, including *Hernandez v. County of Monterey*, *Ahlman v. Barnes*, No. 8:20-cv-00835-JGB-SHK (C.D. Cal.); *Romero-Lorenzo v. Koehn*, No. 2:20-cv-00901-DJH-ESW (D. Ariz.); and *Fenty v. Penzone*, No. 2:20-cv-01192-SPL-JZB (D. Ariz.).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 16, 2025, in Silver Spring, Maryland.

*/s/ Eunice H. Cho*
Eunice H. Cho
*Attorney for Plaintiffs*