**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-23182**

**C.M.**, et al.,

*Plaintiffs*, on behalf of themselves and all similarly situated,

v.

**Kristi Noem**, Secretary of the United States Department of Homeland Security, in her official capacity, et al.,

*Defendants*.

**PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY**

As discussed at the July 28, 2025 status conference, Plaintiffs respectfully request that the Court order limited expedited discovery into the claimed legal authority on which Plaintiffs and putative class members are being held at the facility known as "Alligator Alcatraz." These requests are narrowly targeted at information that will establish which agencies and officials have legal custody and responsibility for detaining Plaintiffs and facilitating their removal proceedings. Plaintiffs ask the Court to order Defendants to answer these discovery requests on the same deadline as their responses to the other pending motions, by noon on August 7, 2025.

The Court has discretion to order expedited discovery for "good cause." *Foundever Operating Corp. v. Hahn*, No. 8:23-cv-1495, 2023 WL 6496065, *2 (M.D. Fla. Sept. 5, 2023). There is good cause here because the limited information Plaintiffs seek has "direct bearing on [their] motion for preliminary injunction." *Id.* (granting expedited discovery on this basis); *see Bostwick Labs., Inc. v. Farley*, No. 14-cv-60316, 2014 WL 12580031, *2 (S.D. Fla. May 16, 2014)

(same). As discussed at the status conference, the questions of who has legal custody over class members, and who is responsible for managing their detention and immigration court proceedings, are directly relevant to a number of issues in this case, including the cause of action, venue, proper defendants, and proper remedy.

This request includes one request for production and five interrogatories. The request for production simply asks Defendants to provide the written agreements that they believe authorize detention and any other immigration enforcement activities at Alligator Alcatraz.

The interrogatories ask for basic information about who is exercising legal custody, physical control, and immigration enforcement authority over detainees at the facility. Interrogatory 1 asks Defendants to list the agencies that have legal custody over detainees. Interrogatory 2 asks which agencies and contractors are carrying out actual detention operations at the facility. Interrogatory 3 asks which agencies are responsible for pursuing and facilitating the removal process for people at the facility, including filing notices to appear in immigration court where detainees can seek bond.

Interrogatories 4 and 5 ask how many employees from each agency and contractor have been assigned to the facility, and how many have been deputized under 8 U.S.C. § 1357(g)(1). For each of these requests, the answer can simply be a single number for each agency or contractor at the facility. This information is critical to understand who is actually exercising authority at Alligator Alcatraz. Agreements under 8 U.S.C. § 1357(g)(1) ("287(g) agreements") do not grant authority to state and local agencies writ large; they grant authority to "individual[s]"—specifically, individual "officer[s] or employee[s] of [a] State or subdivision" that have been trained and certified to perform specified immigration enforcement functions. *Id*. § 1357(g)(1)-(g)(5); *see Arizona v. United States*, 567 U.S. 387, 408-09 (2012). An agency that has signed a

287(g) agreement may not have any officers certified yet, or its officers may not be certified to perform relevant functions at Alligator Alcatraz, or it may not have assigned any of its deputized officers to the facility.[1] There is no way to understand who actually has custody and responsibility at Alligator Alcatraz without knowing whose officers at the facility have been deputized to perform the relevant functions.[2]

Request for Production

1. Produce all written agreements—including but not limited to all contracts, memoranda of agreement under 8 U.S.C. § 1357(g)(1), and any other agreements—that provide the legal authority for any government agency or private contractor to detain people and exercise any other immigration officer functions at Alligator Alcatraz.

Interrogatories

1. Identify all federal, state, and/or local government agencies that have legal custody over people detained at Alligator Alcatraz.

2. Identify all federal, state, and/or local government agencies and contractors that are responsible for carrying out detention operations at Alligator Alcatraz.

---

[1] For example, at the status conference, Miami-Dade County, despite having signed *two* 287(g) agreements, disclaimed any role in custody or operations at Alligator Alcatraz.

[2] It should not be burdensome for each agency to count how many of its officers at Alligator Alcatraz have completed the § 1357(g) deputization process.  The statute and existing 287(g) agreements already require that all deputization of individual officers be documented in writing. *See* 8 U.S.C. § 1357(g)(2) (requiring "written certification" of training); *id*. § 1357(g)(5) (requiring a "written agreement" regarding "specific powers" and supervision); *see also, e.g.*, Memorandum of Agreement between ICE and Florida Division of Alcoholic Beverages and Tobacco § IX (Apr. 24, 2025)  ("ICE will certify in writing the names of those LEA personnel who successfully complete training and pass all required testing" along with each individual's "specified functions" and "ICE supervisory officer."), available at https://www.ice.gov/doclib/about/offices/ero/287g/participatingAgencies07282025am.xlsx.

3. Identify all federal, state, and/or local government agencies and contractors that are responsible for pursuing removal proceedings against people detained at Alligator Alcatraz. Pursuing removal proceedings includes issuing notices to appear, issuing expedited removal orders, and prosecuting removal cases in immigration court.
4. For the agencies listed in response to Interrogatories 1-3, state the number of employees of each agency currently working Alligator Alcatraz that have completed the deputization process under 8 U.S.C. § 1357(g)(1) by receiving a "written certification" and "written agreement" under 8 U.S.C. § 1357(g)(2) and (g)(5).
5. For each of the agencies and contractors listed in response to Interrogatories 1-3, state the total number of employees that are currently working Alligator Alcatraz.

Dated: July 29, 2025

Respectfully Submitted,
*/s/ Eunice H. Cho*

Eunice H. Cho*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St. N.W., 7th Floor
Washington, DC 20005
202-548-6616
echo@aclu.org

Corene Kendrick*
Kyle Virgien*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
ckendrick@aclu.org
kvirgien@aclu.org

Paul R. Chavez (Fla. Bar No. 1021395)
Christina LaRocca (Fla. Bar No. 1025528)
AMERICANS FOR IMMIGRANT JUSTICE
2200 NW 72nd Ave
P.O. Box No 520037
Miami, FL 33152
786-218-3381
pchavez@aijustice.org
clarocca@aijustice.org

Amy Godshall, Fla. Bar No. 1049803
Daniel Tilley, Fla. Bar No. 102882
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA
4343 West Flagler Street, Suite 400
Miami, FL 33134
786-363-2714
agodshall@aclufl.org
dtilley@aclufl.org

*Attorneys for Plaintiffs*

* *Admitted pro hac vice*

5