**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-23182-RAR**

**C.M., MICHAEL BORREGO FERNANDEZ,**
**J.M.C., E.R.,** *on behalf of themselves and*
*all others similarly situated, et al.,*

      *Plaintiffs,*

v.

**KRISTI NOEM**, *Secretary, U.S. Department*
*of Homeland Security, et al.,*

      *Defendants.*

_____/

**STATE AND FEDERAL DEFENDANTS' COMBINED**
**RESPONSE TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

Pursuant to the Court's July 28, 2025 Order, the State and Federal Defendants file

this combined response to Plaintiffs' motion for expedited discovery. Defendants oppose

and object to Plaintiffs' motion because the discovery requests are premature. They also

exceed the scope of the Court's Order which allows Plaintiffs to seek production of

"intergovernmental agreements regarding Defendants' legal authority to detain the Detained

Plaintiffs" and invites Defendants to propose protective measures required to "facilitate the

production of said documents and/or agreements." (ECF No. 27).

    **Request to Produce**

Notwithstanding the objections, Defendants agree to produce the following

responsive documents: (1) Memorandum of Agreement between the United States

Immigration and Customs Enforcement (ICE) and the Florida Department of Law

Enforcement; (2) Memorandum of Agreement between ICE and the Florida Highway Patrol; and (3) Memorandum of Agreement between ICE and the Florida National Guard.

### Interrogatories

The Court, however, should deny Plaintiffs' motion as to the requested interrogatories because its July 28 Order, as well as its oral statements and rulings during the July 28 status conference, limited any request for expedited discovery to "intergovernmental agreements regarding Defendants' legal authority to detain the Detained Plaintiffs." (*Id.*). Neither the Court's oral statements nor its written order permit requests for expedited interrogatories.

In addition, the Court should deny Plaintiffs' motion as to the interrogatories because expedited discovery is an exceptional request under the Federal Rules of Civil Procedure. *See Mullane v. Almon,* 339 F.R.D. 659, 663 (N.D. Fla. 2021); *Hospitalists Mgmt. Grp., LLC v. Fla. Med. Affiliates, Inc.*, 2014 WL 2565675, at *1 (M.D. Fla. June 6, 2014) ("[T]o obtain expedited discovery, the burden is on the moving party to show good cause for departing from the usual discovery procedures"). The filing of a preliminary injunction motion alone does not justify expedited interrogatories. *See Betty's Best, Inc. v. Individuals, P'ships & Unincorporated Assocs. Identified on Schedule 'A'*, 2023 WL 7279324, at *2 (S.D. Fla. Nov. 3, 2023). And Plaintiffs do not meet their burden to offer a compelling reason for expedited interrogatory discovery, especially since Defendants have agreed to produce the "intergovernmental agreements regarding Defendants' legal authority to detain the Detained Plaintiffs."

For these reasons, the Court should deny Plaintiffs' motion as to the interrogatories.

Dated: August 1, 2025                    Respectfully submitted,


HAYDEN P. O'BYRNE                        RON DESANTIS
UNITED STATES ATTORNEY                   *Governor*


/s/ *Marlene Rodriguez*                  /s/ *Nicholas J.P. Meros*
MARLENE RODRIGUEZ (FBN 120057)           NICHOLAS J.P. MEROS (FBN 120270)
Assistant U.S. Attorney                  TARA K. PRICE (FBN 98073)
**DEPARTMENT OF JUSTICE**                KASSANDRA S. REARDON (FBN 1033220)
99 N.E. 4th Street, 3rd Floor            **SHUTTS & BOWEN LLP**
Miami, Florida 33132                     215 South Monroe Street, Suite 804
(305) 961-9206                           Tallahassee, Florida 32301
marlene.rodriguez@usdoj.gov              (850) 241-1717
                                         NMeros@shutts.com
*Counsel for the Federal Defendants*     TPrice@shutts.com
                                         KReardon@shutts.com

                                         *Counsel for Defendants Ron DeSantis*
                                         *and Kevin Guthrie*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2025, a true and correct copy of the

foregoing was served via the Court's CM/ECF system, which serves notice of the filing to

all counsel of record.

                                   /s/ *Nicholas J.P. Meros*
                                   *Counsel for Defendants Ron DeSantis and Kevin Guthrie*


3