UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-23182-RAR

**C.M., MICHAEL BORREGO FERNANDEZ,
J.M.C., E.R.**, *on behalf of themselves and
all others similarly situated, et al.*,

  Plaintiffs,

v.

**KRISTI NOEM**, *Secretary of the
United States Department
of Homeland Security, et al.*,

  Defendants.
_____/

## ORDER REQUIRING STATUS REPORT

**THIS CAUSE** comes before the Court on *sua sponte* review of the record. On July 16, 2025, Plaintiffs[1] filed their Complaint, [ECF No. 1]. The Complaint alleges, among other things, two claims related to purported violations of the First Amendment by State Defendants.[2]

Plaintiffs' two First Amendment claims against State Defendants were premised on allegations that the State Defendants had "blocked" the Named Detained Plaintiffs from accessing counsel and had completely excluded the Attorney Plaintiffs from communicating with present and potential clients detained at Alligator Alcatraz. *See, e.g.*, Compl. ¶ 4 ("Defendants in this case have blocked detainees held at the facility from access to legal counsel. No protocols exist at this facility for providing standard means of confidential attorney-client communication, such as in-

---

[1] For purposes of this Order, the "Named Detained Plaintiffs" include Plaintiffs C.M., Michael Borrego Fernandez, J.M.C., E.R., Gonzalo Almanza Valdes, Gustavo Adolfo Lopez Hernandez, G.T.C., F.B., R.P., A.S., G.M.S.B., and N.M.B. The "Attorney Plaintiffs" include Plaintiffs Florida Keys Immigration, the Law Offices of Catherine Perez PLLC, Sanctuary of the South, and U.S. Immigration Law Counsel.

[2] For purposes of this Order, the "State Defendants" include Governor Ronald DeSantis; the Florida Division of Emergency Management ("FDEM"); and Kevin Guthrie, Director of FDEM.

person attorney visitation and phone or video calls that are available at any other detention facility, jail, or prison."); *id.* ¶ 63 ("Immigrants detained at Alligator Alcatraz have no ability to communicate confidentially with legal counsel.  Defendants have provided no information to detainees, attorneys, or the public to explain how detainees held at the facility can communicate with counsel, whether in person at the facility, on the phone, or via video.  There is no way for attorneys to confidentially exchange legal documents with their clients held at the facility.").

On July 17, 2025, Plaintiffs filed their initial Expedited Motion for Temporary Restraining Order and Preliminary Injunction ("Initial Motion").  *See* [ECF No. 5].  The Initial Motion characterized the alleged restrictions at Alligator Alcatraz as a categorical ban on attorney access. *See*, *e.g.*, *id.* at 2 ("Defendants . . . have barred detained immigrants from communicating confidentially with legal counsel."); *id.* at 6 ("The DHS and Florida Defendants have imposed attorney access restrictions that have fully foreclosed the ability of immigrants detained at the facility to speak to counsel in a confidential manner."); *id.* at 6–7 ("Defendants have restricted attorney access by failing to establish any policy or mechanism for detainees and counsel to speak with each other in person, over the phone, or via video call."); *id.* at 9 ("The Defendants' ban on attorney-client communication also violates the First Amendment rights of the [Attorney] Plaintiffs."); *id.* at 10 ("[T]here is a categorical restriction on attorneys' ability to meet with retained and prospective immigrant clients."); *id.* ("Due to the lack of any policy or process for [Attorney] Plaintiffs to contact or meet with current or prospective clients incarcerated at Alligator Alcatraz, they cannot provide legal counsel or advice to these people[.]").

The Court then held a Status Conference with the parties on July 28, 2025.  *See* [ECF No. 26].  At the Status Conference, counsel for Plaintiffs repeated that the Named Detained Plaintiffs were unable to access counsel, and that the Attorney Plaintiffs were unable to communicate with their present and potential clients detained at Alligator Alcatraz.  *See, e.g.*,

Status Conference Tr., [ECF No. 38], at 45:16–18 (Plaintiffs' counsel stating that "officers at Alligator Alcatraz are going around trying to force people to sign deportation orders *without the ability to speak to counsel*") (emphasis added).

At the Status Conference, the Court indicated that, because attorney-client access might be a moving target, it was ready and willing to consider amended Declarations or statements from the parties. *See id.* at 51:21–52:3 ("I would imagine that any responsive pleading that you present to me will give us some more information about what's going on. . . . [I]f we are finding that rooms are being made available; if we are finding that we are getting back to counsel, so they can figure out when they can speak to the client, then that's going to go to the heart and success of likelihood on the merit arguments[.]"). Accordingly, the Court allowed Plaintiffs to supplement their Complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. [ECF No. 27] at 1.

On July 29, 2025, Plaintiffs filed their Supplement to the Complaint. [ECF No. 28]. The Supplement continued to represent that there was a total bar on attorney-client access. *See, e.g.*, *id.* ¶ 4 ("Defendants in this case have blocked detainees held at the facility from access to legal counsel. No protocols exist at this facility for providing standard means of confidential attorney-client communication, such as in-person attorney visitation and phone or video calls that are available at any other detention facility, jail, or prison."); *id.* ¶ 88 ("Immigrants detained at Alligator Alcatraz have no ability to communicate confidentially with legal counsel. Defendants have provided no information to detainees, attorneys, or the public to explain how detainees held at the facility can communicate with counsel, whether in person at the facility, on the phone, or via video. There is no way for attorneys to confidentially exchange legal documents with their clients held at the facility.").

On July 29, 2025, alongside the Supplement, Plaintiffs filed a Renewed Motion for Preliminary Injunction ("Renewed Motion"). *See* [ECF No. 29]. The Renewed Motion, like the

Initial Motion, characterized the alleged restrictions on attorney access at Alligator Alcatraz as a categorial ban. *See, e.g.*, *id.* at 2 ("Defendants . . . have barred detained immigrants from communicating confidentially with legal counsel."); *id.* at 11 ("The DHS and Florida Defendants have imposed attorney access restrictions that have fully foreclosed the ability of immigrants detained at the facility to speak to counsel in a confidential manner[.]"); *id.* at 14 ("The Defendants' ban on attorney-client communication also violates the First Amendment rights of the [Attorney] Plaintiffs."); *id.* at 15 ("[T]here is a categorical restriction on attorneys' ability to meet with retained and prospective immigrant clients."); *id.* at 16 ("Due to the lack of any policy or process for [Attorney] Plaintiffs to contact or meet with current or prospective clients incarcerated at Alligator Alcatraz, they cannot provide legal counsel or advice to these people[.]").

On August 7, 2025, State Defendants filed a Response to Plaintiffs' Renewed Motion. *See* [ECF No. 49]. The Response and its accompanying declarations appear to contradict Plaintiffs' factual representations to the Court regarding access to counsel at Alligator Alcatraz. For example:

(1) A Declaration from Mark Saunders, a Vice President of The Nakamoto Group who works with Alligator Alcatraz, indicates that "the first successful videoconference between detainees and legal counsel" occurred on July 15, 2025, before the filing of the Complaint on July 16, 2025. Declaration of Mark Saunders ("Saunders Declaration"), [ECF No. 49-1] ¶ 23. The Saunders Declaration indicates that "video conference meetings have been available and have occurred nearly every day, other than Sundays." *Id.*

(2) The Saunders Declaration indicates that the first in-person meetings between Alligator Alcatraz detainees and counsel occurred on July 28, 2025. In-person meetings have continued since. *Id.* ¶ 37. More structures to enable in-person attorney-client access have been built and became operational on August 7, 2025. *Id.* ¶ 53.

(3) The Saunders Declaration indicates that several of the Named Detained Plaintiffs who raise First Amendment claims met with counsel prior to the July 28 Status Conference, the July 29 Supplement, and the July 29 Renewed Motion. Named Detained Plaintiff N.M.B. attended a meeting with counsel via videoconference on July 15, 2025, and again on July 26, 2025. *Id.* ¶ 63(a). Named Detained Plaintiff G.M.S.G. met with counsel via videoconference on July 25, 2025. *Id.* ¶ 63(b). Named Detained Plaintiff J.M.C. met with counsel via videoconference on July 18, 2025. *Id.* ¶ 63(c). And Named Detained Plaintiff Michael Borrego Fernandez met with counsel via videoconference several times: on July 21, 22, and 23, 2025. *Id.* ¶ 63(d). Alligator Alcatraz "staff offered Borrego's other counsel video meetings on July 31 and August 1, 2025, and an in-person meeting on August 4, 2025," but counsel did not respond. *Id.*

(4) On August 1, 2025, Counsel for State Defendants sent counsel for Plaintiffs an email "to determine the status of Plaintiffs' requests for attorney meetings and whether [the State Defendants] can facilitate the process." *Id.* at 280 (email from State Defendants' counsel to Plaintiffs' counsel titled "Access to Counsel at Alligator Alcatraz"). On August 5, 2025, counsel for Plaintiffs sent a letter to State Defendants in response. *Id.* at 282–83 (letter from Plaintiffs' counsel to State Defendants' counsel titled "*C.M. v. Noem*, 1:25-cv-23182-RAR (S.D. Fla.)"). In the letter, counsel for Plaintiffs expressed that Detained Plaintiffs C.M., E.R., Gonzalo Almanza Valdes, G.T.C., F.B., A.S., and R.P. had "not received any meetings arranged by the facility with counsel while detained at Alligator Alcatraz." *Id.* at 282. State Defendants' submissions appear to contradict this assertion. The Saunders Declaration indicates that counsel for Named Detained Plaintiff Almanza Valdes will receive an in-person meeting on August 15, 2025, prior to the Court's Hearing on Plaintiffs' Renewed Motion on August 18, 2025, *see* [ECF No. 27]; Saunders Decl. ¶ 63(f). The Saunders Declaration also indicates that counsel for Named Detained Plaintiffs C.M., G.T.C., F.B., A.S., and R.P. have not requested a meeting with their clients. *Id.* ¶ 64. And

the Declaration indicates that counsel for E.R. has not requested a meeting with E.R. following technical issues, but that counsel has met with *other* clients not named in this action via videoconference since those technical issues were resolved. *Id.* ¶ 64(c).

Given that State Defendants' filings appear to contradict Plaintiffs' representations to the Court, it is hereby **ORDERED AND ADJUDGED** as follows:

**On or before tomorrow, August 8, 2025**, Plaintiffs shall file a Status Report providing the Court with an update on attorney access at Alligator Alcatraz since the filing of the Complaint on July 16, 2025. The Status Report must include the following:

(1) For **each** Named Detained Plaintiff, a description of:

   a. Each occasion on which each Named Detained Plaintiff was able to access counsel;

   b. Whether such access was granted to each Named Detained Plaintiff via videoconference, phone, an in-person meeting, or other method;

   c. The date on which each such access occurred; and

   d. If the Named Detained Plaintiff has spoken with counsel, whether such communication was confidential.

(2) For **each** Attorney Plaintiff, a description of:

   a. Each occasion on which each Attorney Plaintiff was able to access any present or potential clients at Alligator Alcatraz;

   b. Whether such access was provided to each Attorney Plaintiff via videoconference, phone, an in-person meeting, or other method;

   c. The date on which each such access occurred; and

   d. If the Attorney Plaintiff has spoken with any present or potential client at Alligator Alcatraz, whether such communication was confidential.

**DONE AND ORDERED** in Miami, Florida, this 7th day of August, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**