IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-23182

C.M., *et al.*,

*Plaintiffs*, on behalf of themselves and all others similarly situated,

v.

Kristi Noem, in her official capacity, *et al.,*

*Defendants*.

**STATUS REPORT**

Plaintiffs respectfully submit this Status Report pursuant to the Court's Order of August 7, 2025, ECF No. 51.

<u>Confidentiality of Communication</u>. Although Defendants have represented that the videoconference calls at Alligator Alcatraz take place in a space that "allows for confidential meetings with counsel," Decl. Mark Saunders ¶ 27, ECF No. 49-1, the videoconference calls are not, in fact, confidential, are not in an enclosed room, and detained clients have confirmed to counsel that they cannot fully communicate with and answer questions posed by counsel, as staff are in close, listening proximity to detainees..

**DETAINED PLAINTIFFS:**

1. **C.M.**

    a. Each occasion Plaintiff was able to access counsel at Alligator Alcatraz: none

    b. Method of communication: n/a

    c. Date on which communication occurred: n/a

    d. Confidentiality of Communication: n/a

Attorney emailed [legal@privacy6.com](mailto:legal@privacy6.com) on July 11, 2025, to request a visit but received no response. Defendants transferred C.M. from Alligator Alcatraz on or about August 1, 2025.

2. **Michael Borrego Fernandez**

    a. Each occasion Plaintiff was able to access counsel at Alligator Alcatraz: July 23, 2025.

    b. Method of communication: videoconference

    c. Date on which communication occurred: July 23, 2025.

    d. Confidentiality of Communication: Videoconference was not confidential. Although detainees are provided with a headset, the call takes place in a public setting, and officers can hear what detainees are saying to counsel. As a result, detainees are unable to speak freely on legal videoconferences.

Contrary to Defendants' assertion, no attorney videoconferences took place on July 21 or 22, 2025. The facility stated that it would schedule a videoconference on July 21, 2025, and attorneys arrived at the zoom, but Mr. Borrego was never brought to the videoconference. No videoconference was scheduled for or took place on July 22, 2025. Defendants transferred Mr. Borrego Fernandez from Alligator Alcatraz on or about August 1, 2025.

3. **J.M.C.**

    a. Each occasion Plaintiff was able to access counsel at Alligator Alcatraz: July 18, 2025

    b. Method of communication: videoconference

    c. Date on which communication occurred: July 18, 2025

    d. Confidentiality of Communication: videoconference was not confidential

J.M.C.'s attorney attempted to visit him in person on July 11, 2025, and was turned away. Upon information and belief, Defendants transferred J.M.C. from Alligator Alcatraz on or about July 26, 2025.

4. **E.R.**
    a. Each occasion Plaintiff was able to access counsel at Alligator Alcatraz: none
    b. Method of communication: n/a
    c. Date on which communication occurred: n/a
    d. Confidentiality of Communication: n/a

E.R.'s attorney attempted to visit him in person on July 8, 2025, was turned away; and emailed legal@privacy6.com on July 10, 2025 and July 15, 2025, but no visit was scheduled. Defendants transferred E.R. from Alligator Alcatraz on or about July 22, 2025.

5. **Gonzalo Almanza Valdes***
    a. Each occasion Plaintiff was able to access counsel at Alligator Alcatraz: none
    b. Method of communication: n/a
    c. Date on which communication occurred: n/a
    d. Confidentiality of Communication: n/a

Mr. Almanza Valdes's attorney went to the facility on July 11, 2025, and was turned away. She sent an email to southfacility@em.myflorida.com, an email address suggested to her by ICE's Office of Chief Counsel, on July 16, 2025, July 23, 2025, August 4, 2025, and August 5, 2025, requesting a legal visit. On August 5, she was informed that she could have an in-person meeting on August 15, 2025, which has not yet taken place. Mr. Almanza Valdes is currently detained at Alligator Alcatraz.

6. **Gustavo Adolfo Lopez Hernandez***

    a. Each occasion Plaintiff was able to access counsel at Alligator Alcatraz: July 29, 2025.

    b. Method of communication: videoconference

    c. Date on which communication occurred: July 29, 2025.

    d. Confidentiality of Communication: videoconference was not confidential

Defendants transferred Mr. Lopez Hernandez from Alligator Alcatraz on or about August 5, 2025.

7. **G.T.C.***

    a. Each occasion Plaintiff was able to access counsel at Alligator Alcatraz: none

    b. Method of communication: n/a

    c. Date on which communication occurred: n/a

    d. Confidentiality of Communication: n/a

G.T.C.'s attorney did not request an attorney visit, as there was no mechanism to do so when he was first detained at Alligator Alcatraz, and she was aware that no visits were taking place, and that the email address was not functioning. She obtained information for his (canceled) bond hearing through his family, who communicated with him via the monitored, non-confidential outgoing phone line. Defendants transferred G.T.C. from Alligator Alcatraz on or about August 2, 2025.

8. **F.B.***

    a. Each occasion Plaintiff was able to access counsel at Alligator Alcatraz: none

    b. Method of communication: n/a

    c. Date on which communication occurred: n/a

    d.  Confidentiality of Communication: n/a

Counsel for F.B. has been unable to contact him at Alligator Alcatraz, and upon inquiry, has simply been informed that Miami Krome does not have jurisdiction over the facility. As of August 6, 2025, F.B. was confirmed to be detained at Alligator Alcatraz.

9. R.P.*

    a.  Each occasion Plaintiff was able to access counsel at Alligator Alcatraz: none

    b.  Method of communication: n/a

    c.  Date on which communication occurred: n/a

    d.  Confidentiality of Communication: n/a

No information was available to counsel as to how to contact her client at the time of R.P.'s detention. By the time she became aware of how to attempt contact, Defendants had transferred R.P. from Alligator Alcatraz on or about August 5, 2025.

10. A.S.*

    a.  Each occasion Plaintiff was able to access counsel at Alligator Alcatraz: none

    b.  Method of communication: n/a

    c.  Date on which communication occurred: n/a

    d.  Confidentiality of Communication: n/a

Counsel for A.S. was unable to reach anyone at Alligator Alcatraz via phone or email to request a visit. Starting July 14, counsel repeatedly contacted multiple officials, courts, and offices, and was unable to get in contact with her client at Alligator Alcatraz. Defendants transferred A.S. from Alligator Alcatraz on or about August 4, 2025.

11. **G.M.S.C.\***

    a. Each occasion Plaintiff was able to access counsel at Alligator Alcatraz: July 25, 2025

    b. Method of communication: videoconference

    c. Date on which communication occurred: July 25, 2025

    d. Confidentiality of Communication: videoconference was not confidential

Defendants transferred G.M.S.C. from Alligator Alcatraz on or about August 2, 2025.

12. **N.M.B.\***

    a. Each occasion Plaintiff was able to access counsel at Alligator Alcatraz: July 15, 2025; July 26, 2025; August 6, 2025

    b. Method of communication: videoconference (July 15, 2025; July 26, 2025); in-person (August 6, 2025)

    c. Date on which communication occurred: July 15, 2025; July 26, 2025; August 6, 2025

    d. Confidentiality of Communication: videoconference was not confidential

\*Denotes Bond Subclass Plaintiff

### ATTORNEY PLAINTIFFS

1. **Florida Keys Immigration**

    a. Each occasion Plaintiff was able to access present or potential clients at Alligator Alcatraz: August 1, 2025 (with client H.B.)

    b. Method of communication: videoconference

    c. Date on which communication occurred: August 1, 2025

    e. Confidentiality of Communication: videoconference was not confidential

2. **Law Offices of Catherine Perez, PLLC**

    a. Each occasion Plaintiff was able to access present or potential clients at Alligator Alcatraz: July 26, 2025 (with client H.C.)

    b. Method of communication: videoconference

    c. Date on which communication occurred: July 26, 2025 (with client H.C.)

    d. Confidentiality of Communication: videoconference was not confidential

3. **Sanctuary of the South**

    a. Each occasion Plaintiff was able to access present or potential clients at Alligator Alcatraz: July 16, 2025 (Y.G.); July 23, 2025 (Michael Borrego Fernandez); Aug. 7, 2025 (E.R.)

    b. Method of communication: videoconference

    c. Date on which communication occurred: July 16, 2025; July 23, 2025; Aug. 7, 2025

    d. Confidentiality of Communication: videoconference was not confidential

On July 10, 2025, Sanctuary of the South submitted a request to visit five clients. Only one person was granted an attorney videoconference (Michael Borrego).

4. **U.S. Immigration Law Counsel**

    a. Each occasion Plaintiff was able to access present or potential clients at Alligator Alcatraz: July 18, 2025

    b. Method of communication: videoconference with J.M.C.

    c. Date on which communication occurred: July 18, 2025

    d. Confidentiality of Communication: videoconference was not confidential

Dated: August 8, 2025

Paul R. Chavez (Fla. Bar No. 1021395)
Christina LaRocca (Fla. Bar No. 1025528)
AMERICANS FOR IMMIGRANT JUSTICE
2200 NW 72nd Ave
P.O. Box No 520037
Miami, FL 33152
786-218-3381
pchavez@aijustice.org
clarocca@aijustice.org

Amy Godshall, Fla. Bar No. 1049803
Daniel Tilley, Fla. Bar No. 102882
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA
4343 West Flagler Street, Suite 400
Miami, FL 33134
786-363-2714
agodshall@aclufl.org
dtilley@aclufl.org

Respectfully Submitted,

*/s/ Eunice H. Cho*
Eunice H. Cho*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St. N.W., 7th Floor
Washington, DC 20005
202-548-6616
echo@aclu.org

Corene T. Kendrick*
Kyle Virgien*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
ckendrick@aclu.org
kvirgien@aclu.org

*Counsel for All Plaintiffs and the Proposed Class*

* *Admitted pro hac vice.*