IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| C.M., *et al.*,<br><br>*Plaintiffs*, on behalf of themselves and all others similarly situated,<br><br>v.<br><br>Kristi Noem, in her official capacity, *et al.,*<br><br>*Defendants*. | Case No. 1:25-cv-23182 |

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO FLORIDA DEFENDANTS MOTION FOR EXTENSION**

Florida Defendants have moved to extend their response to Plaintiffs' Motion for Class Certification (ECF 30) by 41 days, from August 12, 2025, until September 23, 2025. ECF No. 59. As Defendants show no good cause for their request, and because it would prejudice Plaintiffs and putative class members in the instant action, Defendants' motion does not satisfy the requirements of Federal Rule of Civil Procedure 6(b)(1)(A) and should be denied by this Court.

In support of their opposition, Plaintiffs state the following:

1. Plaintiffs filed the instant action on July 16, 2025, to address widespread denial of access to counsel at the "Alligator Alcatraz" detention facility. Plaintiffs filed an Expedited Motion for a Temporary Restraining Order, ECF No. 5, and a Renewed Motion for Preliminary Injunction, ECF No. 29, seeking preliminary relief because of the immediate and serious nature of the harm that Plaintiffs, and those similarly situated are experiencing.

2. Plaintiffs filed an initial Motion to Certify a Class on July 17, 2025, ECF No. 6, and their Renewed Motion to Certify Class and Memorandum of Law in Support on July 29, 2025. ECF No. 30. Defendants' response to this Class Certification Motion is due on August 12, 2025. S.D. Fla. Local Rule 7.1(c)(1).

3. Federal Rule of Civil Procedure 6(b)(1) requires "good cause" be shown for a court to grant an extension. Defendants' justifications do not meet that bar.

4. First, Defendants state that they just filed a brief in opposition responding to Plaintiffs' Motion for Preliminary Injunction and are preparing for the August 18, 2025, hearing. ECF No. 59 ¶ 2. Defendants' brief opposing preliminary injunction was filed on Thursday, August 7, 2025, and they have had Plaintiffs' Renewed Motion to Certify Class and Memorandum of Law (which closely mirrors the original class certification motion) in hand since Tuesday, July 29, 2025. They have had ample time to adequately brief their response to the motion for class certification. Counsel's simple desire for more time is not the "good cause" contemplated by the federal rules.

5. Second, Defendants argue that they should not be required to brief class certification until this court has decided whether venue is proper. ECF No. 59 ¶¶ 3-4.  But a decision on venue does not affect the necessity for briefing on class certification, nor should it affect the briefing schedule. Even if this Court decides that venue is not proper in the Southern District and the case must be transferred, Plaintiffs' Motion for Class Certification would still require a response from Defendants. *See* 15 Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure § 3846 (5th ed. 2025) ("When an action is transferred, it remains in the posture it was in . . . [and] leaves in place whatever already has been done in the transferor court.').

6. Third, Defendants argue that under Local Rule 7.1(c)(1), Defendants would automatically have until September 23, 2025, to file their response to the Motion for Class Certification if Plaintiffs had filed their Motion for Class Certification jointly with their Complaint. ECF No. 59 ¶ 6. This argument misreads the applicable procedural rules, *see supra* ¶ 2 and *infra* ¶ 7.

7. Fourth, Defendants assert that this Court's civil procedures mandate that "[w]here a complaint names multiple defendants, defendants shall submit a single combined response or separate answers within the time allowed by the Federal Rules of Civil Procedure for the last-served defendant to respond." ECF No. 59 ¶ 6. Plaintiffs served State and Federal Defendants on the same day. ECF No. 59 ¶5. As such, no "last-served" rule is applicable here. Further, Defendants' argument would frustrate the special rules carved out for Federal Defendants. Under their reading, any party jointly sued with Federal Defendants would automatically receive the benefit of the special rules attendant to the federal government. Such a reading would undermine the explicit scheme established by Federal Rule of Civil Procedure 12. Courts regularly consider class certification in advance of responsive pleadings where questions of preliminary relief are at issue. *See e.g. Fla. Immigrant Coal. v. Uthmeier,* No. 25-21524-CV*,* (S.D. Fla. Apr. 29, 2025).

8. Plaintiffs are prejudiced by the requested extension. Plaintiffs moved both for class certification and for preliminary relief, as the constitutional problems complained of are urgent and present for each person at the facility. *See generally* ECF Nos. 29, 30. Plaintiffs and prospective class members allege that they face prolonged detention in extremely harsh conditions in the middle of the Everglades, without timely access to counsel or to immigration court to post bond and escape incarceration, due to Defendants' policies and

practices. Such harms implicate profound constitutional and human rights that require timely decision on preliminary injunctive relief, and the class-wide scope of such relief.

9. A decision on class-wide relief is particularly urgent in matters alleging denial of access to counsel and immigration court. Because of the alleged actions of Defendants, putative class members may be unable to access or secure counsel to file individual actions and thus require the class vehicle to adequately protect their rights.

10. Finally, although the hearing on August 18, 2025, relates to Plaintiffs' Motion for Preliminary Injunction, having complete briefing on the issue of class certification at that juncture would preserve judicial economy. As this Court stated, "issues related to class certification may be relevant" to elements of the preliminary injunction inquiry. ECF No. 43. As such, complete briefing on the issue allows the Court to fully probe relevant questions at the hearing.

11. Because Defendants have established no good cause for their requested extension and because such an extension would prejudice Plaintiffs and putative class member in this matter, their Motion for Extension should be denied.

Dated: August 10, 2025

Respectfully Submitted,
/s/ Eunice H. Cho

Paul R. Chavez (Fla. Bar No. 1021395)
Christina LaRocca (Fla. Bar No. 1025528)
AMERICANS FOR IMMIGRANT JUSTICE
2200 NW 72nd Ave
P.O. Box No 520037
Miami, FL 33152
786-218-3381
pchavez@aijustice.org
clarocca@aijustice.org

Amy Godshall, Fla. Bar No. 1049803
Daniel Tilley, Fla. Bar No. 102882
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF FLORIDA
4343 West Flagler Street, Suite 400
Miami, FL 33134

Eunice H. Cho*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St. N.W., 7th Floor
Washington, DC 20005
202-548-6616
echo@aclu.org

Corene T. Kendrick*
Kyle Virgien*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
ckendrick@aclu.org

786-363-2714  
agodshall@aclufl.org  
dtilley@aclufl.org

kvirgien@aclu.org

*Counsel for All Plaintiffs and the Proposed Class*

*\* Admitted pro hac vice.*