## SUPPLMENTAL DECLARATION OF ANNA WEISER

I, Anna Weiser, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently and truthfully to these matters.

2. I am an attorney and an Immigration Partner at Smith & Eulo. I have over two decades of practice experience in immigration law, and represent clients in all aspects of immigration law, including employment-based and investor visas, student visas, family-based adjustment of status, consular processing, deportation defense, and U.S. citizenship matters.

3. I am an attorney in good status in the state of California. This declaration supplements my prior declaration filed in this case on July 25, 2025, at ECF No. 21-1.

4. Since July 2025, I have represented four clients held at the facility known as "Alligator Alcatraz." One of my clients is a named Plaintiff in this case, Gonzalo Almanza Valdes. Gonzalo Almanza Valdes has been detained at Alligator Alcatraz since July 12, 2025, and was transferred out of the facility to the Miami Federal Detention Center on Aug. 11, 2025. My other three clients have already been transferred out of the facility, underwent the voluntary deportation process or will soon be undergoing the voluntary deportation process.

5. One of my clients who went through the voluntary deportation process never had the opportunity to meet with me in a confidential setting. This client has an intellectual disability. He informed me that he was told to sign some paper in exchange for a blanket. However, after he signed this paper, he was deported.

6. Another client, Hari Koneru, was transferred from the Alligator Alcatraz facility to the Louisiana Federal Detention Center. Hari does not have any connections to Louisiana.

7. My fourth client recently arrived at the Alligator Alcatraz facility about a week ago. I have not been able to have a confidential video or in-person legal visit with him, even though I have requested one.

8. After this case, *C.M. v. Noem*, was filed, attorneys for the Defendants contacted Plaintiffs' counsel and offered to facilitate a video or in-person meeting with Gonzalo Almanza Valdes. I had tried repeatedly to obtain a visit with my client, by sending emails to DHS officers and ICE offices on July 23, 2025, as described in my previous declaration. ECF No. 21-1, ¶¶ 17-18. However, I have still been unable to have an in-person or video visit with my client.

9. It may seem like Alligator Alcatraz has allowed more attorney access since this lawsuit was filed, by allowing some video and in-person visits. However, my clients and I are still facing significant barriers to communication that I have not experienced in other facilities.

10. I still have not been able to get in contact with any of my clients while they are detained at Alligator Alcatraz. I have not been able to have any conversations in confidential settings with any of my clients. I have not yet been able to have any video calls and/or in-person visits with clients held at Alligator Alcatraz.

11. On August 4, 2025, I sent an email to the Alligator Alcatraz facility at Southfacility@em.myflorida.com requesting a legal visit with my client, Gonzalo Almanza Valdes. I had received this email address from the ICE Office of Chief Counsel in Miami, who suggested that this was the best way to contact the facility. was my latest attempt to schedule a visit. Prior to that, I requested access to my client on July 16 and 23, 2025, by email. I had also gone in person on July 11, 2025, but was turned away from the facility and not allowed to enter. I received a response on Aug. 4, 2025, informing me that I may now schedule a legal visit with him. He is the only client that I have been able to make progress towards scheduling a confidential legal visit. I replied on Aug. 5, 2025, and I received an email confirming an in-person visit with my client, Gonzalo Almanza Valdes, would be scheduled for Aug. 15, 2025. At this point, my client will have been detained for over a month at Alligator Alcatraz without the ability to meet with counsel in a confidential setting.

12. Since the filing of my previous declaration, ECF No. 21-1, it is still unclear how attorneys are supposed to communicate with clients held at Alligator Alcatraz. I know of no website or other published source of public information with instructions on how to reach a client for an attorney-client meeting at the facility, unlike other detention facilities, jails or prisons. I have seen no official public information about what email address I should contact or telephone number I should call, or any protocols for in-person visitation or exchange of documents. The only information I have been able to get was obtained after sending multiple emails to various officials as explained in my previous declaration. ECF No. 21-1, ¶ 17.

13. I am still unable to confirm the location of my clients held at Alligator Alcatraz. I have tried to locate them on ICE's online detainee locator, at https://locator.ice.gov/odls/, as well as the Florida Department of Corrections "Inmate Population Information Search" at https://pubapps.fdc.myflorida.com/OffenderSearch/Search.aspx?TypeSearch=AI, but have never been able to locate my clients.

14. I have only been able to talk to my clients at Alligator Alcatraz on a monitored, recorded outgoing phone line from the facility. I did request video calls but those were never scheduled.

15. Alligator Alcatraz also requires attorneys to submit a signed Form G-28 (Notice of Entry of Appearance) in order to obtain an attorney-client visit. I do not understand how they

expect attorneys to meet this requirement, as no attorney can obtain a signature from a client before visiting the facility, which is not approved unless a signed G-28 is submitted. I obtained my client's verbal consent to sign on his behalf while we were on a monitored, recorded phone line because I could not get his signature for the G-28 Form any other way.

16. In addition, if I am meeting a client for a pre-representational visit, it does not make sense to have a G-28 signed, especially if we have not yet determined that it makes sense for me to enter an appearance on my client's behalf.

17. It is still impossible to exchange legal documents confidentially with clients at Alligator Alcatraz. For example, the facility requires me to submit all the documents I want to review with my client, Gonzalo Almanza Valdes, ahead of our scheduled in-person meeting. However, I do not feel comfortable with this procedure because it is protected by attorney-client and attorney product privileges. I ended up submitting blank forms but even then, I do not feel comfortable with this requirement because I am concerned I am sharing legal strategy. There is no privacy because the facility is requiring me to show my privileged attorney work product as a condition to my entrance to meet my client. *See* Exhibit A.

18. Alligator Alcatraz also requires attorneys to schedule in-person meetings with detainees, which is unlike any other detention facility. At other facilities, such as Krome Detention Center, I can show up without an appointment and request to see my client. I am required to submit a bar card and a government identification. At Krome, I do not have to show any protected confidential information or documents before entering the facility. I also have full privacy during my meeting with my clients at other facilities. My clients and I are not aware of the process of submitting a complaint or grievance to the facility.

19. Gonzalo Almanza Valdes, who is detained at Alligator Alcatraz, is still unable to file a motion for bond or have a bond hearing. I have also tried to file bond motions and schedule bond hearings for my Alligator Alcatraz clients but have been unsuccessful, because I have been told that the immigration court does not have jurisdiction over their cases. I still do not know which court has jurisdiction so I can file a motion for bond for my client.

20. Mr. Almanza Valdez did not have an existing removal case before he was detained on July 11, 2025. I understand that, in this case, the federal government has represented that people detained at Alligator Alcatraz can file bond motions with the court that was handling their immigration case before they were detained. There is no such court for Mr. Almanza Valdez, so what the federal government states I should do is not an option. I filed a motion for bond in Krome and a hearing was scheduled for July 23, 2025. However, the hearing was taken off the docket without notice. I called the court and a clerk informed me that this happened because Krome did not have jurisdiction and I should contact the Department of Homeland Security for further information.

21. I am hoping I can figure this out when I meet with my client next Friday. As a result, Gonzalo Almanza Valdes remains detained at Alligator Alcatraz, even though I believe that he would be eligible for release on bond. Over the weekend of Aug. 9th, my client's partner received a copy of his renewed green card. This impacts Gonzalo's case because it means he is now a lawful permanent resident with a valid green card. Because he is a lawful permanent resident, a Notice to Appear should be issued promptly because Gonzalo is a lawful permanent resident. However, as stated below, he has not been charged with a Notice to Appear. As of Aug. 11, 2025, I have received information from my client that he was transferred out of Alligator Alcatraz. ICE's online detainee locator also confirms he now held at a new detention facility: Miami Federal Detention Center. Now that he is transferred out of Alligator Alcatraz, it means that I never have had the opportunity to meet with my client in a confidential setting during his detention at that facility.

22. Gonzalo Almanza Valdes, to my best knowledge and belief, has not been charged by ICE with a Notice to Appear. We do not know what he is being charged with and why he is being held at the facility for almost a month.

23. Gonzalo Almanza Valdes has stated that he actively desires to participate in this case as a class representative.

24. Attached as Exhibit A are true and correct copies of communications and records documenting the barriers to legal access described in this declaration. These include:
    1. Exhibit A: the documents, including confidential attorney-work product, I had to submit for approval ahead of my in-person client meeting.

Executed on 11th of August, 2025, at Orlando, Florida.

/s/ 
Anna Weiser

# EXHIBIT A

# South Detention Facility

## Legal Counsel Visitation Request Form

**Attorney Information**

Full Name: Anna R Weiser

Bar Number: 270832

Law Firm Name: Smith & Eulo

Phone Number: ███

Email Address: ███

Mailing Address: ███

**Client (Detainee) Information**

Full Name: Gonzalo Almanza

Inmate Number: ███ / ███

Facility Name: South Detention Facility

Housing Unit/Location (if known): Section 7

**Visitation Request Details**

Requested Date(s) of Visit: 8/15/25

Requested Time(s): 9 am

Purpose of Visit:
- ☒ Privileged Legal Visit
- ☒ Document Review
- ☐ Case Consultation
- ☐ Other: _____

1 | Page

## Documents and Devices (if applicable)

*Attach copies of legal documents you intend to bring for approval. All items are subject to inspection and must be pre-approved.*

Documents to be Reviewed with Inmate:
_6-28 / Stay of Removal_

Devices Requested (e.g., Laptop, Recorder):
_____

## Certification

I certify that I am an attorney licensed to practice law and that this visitation request is for the purpose of providing legal counsel to the above-named inmate. I understand and will comply with all institutional rules and regulations governing attorney visits.

Attorney Signature: _[signature]_

Date: _8/6/25_

## For Facility Use Only

Received By: _____

Date Received: _____

Approved By: _____

Approval Date: _____

Notes / Special Instructions:
_____
_____



# Notice of Entry of Appearance as Attorney or Accredited Representative

**Department of Homeland Security**

DHS
Form G-28
OMB No. 1615-0105
Expires 05/31/2021

---

### Part 1. Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any)
   ▶ [            ]

**Name of Attorney or Accredited Representative**

2.a. Family Name (Last Name) [            ]
2.b. Given Name (First Name) [            ]
2.c. Middle Name [            ]

**Address of Attorney or Accredited Representative**

3.a. Street Number and Name [            ]
3.b. ☐ Apt. ☐ Ste. ☐ Flr. [            ]
3.c. City or Town [            ]
3.d. State [  ▼  ]  3.e. ZIP Code [       ]
3.f. Province [            ]
3.g. Postal Code [            ]
3.h. Country [            ]

**Contact Information of Attorney or Accredited Representative**

4. Daytime Telephone Number [            ]
5. Mobile Telephone Number (if any) [            ]
6. Email Address (if any) [            ]
7. Fax Number (if any) [            ]

### Part 2. Eligibility Information for Attorney or Accredited Representative

Select **all applicable** items.

1.a. ☐ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

Licensing Authority
[            ]

1.b. Bar Number (if applicable)
[            ]

1.c. I (select **only one** box) ☐ am not ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable)
[            ]

2.a. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization
[            ]

2.c. Date of Accreditation (mm/dd/yyyy)
[            ]

3. ☐ I am associated with
[            ],
the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate
[            ]

---

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

This appearance relates to immigration matters before (select **only one** box):

1.a. ☐ U.S. Citizenship and Immigration Services (USCIS)
1.b. List the form numbers or specific matter in which appearance is entered.

2.a. ☐ U.S. Immigration and Customs Enforcement (ICE)
2.b. List the specific matter in which appearance is entered.

3.a. ☐ U.S. Customs and Border Protection (CBP)
3.b. List the specific matter in which appearance is entered.

4. Receipt Number (if any)
   ▶

5. I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):
   ☐ Applicant   ☐ Petitioner   ☐ Requestor
   ☐ Beneficiary/Derivative   ☐ Respondent (ICE, CBP)

### Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

6.a. Family Name (Last Name)
6.b. Given Name (First Name)
6.c. Middle Name

7.a. Name of Entity (if applicable)

7.b. Title of Authorized Signatory for Entity (if applicable)

8. Client's USCIS Online Account Number (if any)
   ▶

9. Client's Alien Registration Number (A-Number) (if any)
   ▶ A-

### Client's Contact Information

10. Daytime Telephone Number

11. Mobile Telephone Number (if any)

12. Email Address (if any)

### Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

13.a. Street Number and Name
13.b. ☐ Apt.   ☐ Ste.   ☐ Flr.
13.c. City or Town
13.d. State       13.e. ZIP Code
13.f. Province
13.g. Postal Code
13.h. Country

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4. Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery. USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below. You may change these elections through written notice to USCIS.

1.a. ☐ I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

1.b. ☐ I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

**NOTE:** If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative. If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

1.c. ☐ I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

2.a. Signature of Client or Authorized Signatory for an Entity
➡ [            ]

2.b. Date of Signature (mm/dd/yyyy) [     ]

## Part 5. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

1.a. Signature of Attorney or Accredited Representative
[            ]

1.b. Date of Signature (mm/dd/yyyy) [     ]

2.a. Signature of Law Student or Law Graduate
[            ]

2.b. Date of Signature (mm/dd/yyyy) [     ]

## Part 6. Additional Information

If you need extra space to provide any additional information within this form, use the space below. If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper. Type or print your name at the top of each sheet; indicate the **Page Number**, **Part Number**, and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a** Family Name (Last Name) _____

**1.b** Given Name (First Name) _____

**1.c** Middle Name _____

**2.a.** Page Number ____  **2.b.** Part Number ____  **2.c.** Item Number ____

**2.d.** _____

**3.a.** Page Number ____  **3.b.** Part Number ____  **3.c.** Item Number ____

**3.d.** _____

**4.a.** Page Number ____  **4.b.** Part Number ____  **4.c.** Item Number ____

**4.d.** _____

**5.a.** Page Number ____  **5.b.** Part Number ____  **5.c.** Item Number ____

**5.d.** _____

**6.a.** Page Number ____  **6.b.** Part Number ____  **6.c.** Item Number ____

**6.d.** _____

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

OMB No. 1653-0021
Expires: 10/31/2027

# APPLICATION FOR A STAY OF DEPORTATION OR REMOVAL

**Action Block - For ICE Use Only**

- [ ] GRANTED   [ ] One Year   [ ] Six Months   [ ] Three Months   [ ] Other: _____
- [ ] DENIED   [ ] Denial letter attached.
- [ ] REJECTED   [ ] Incorrect Fee   [ ] Application was not submitted in person   [ ] Other: _____
- [ ] Additional information attached.

Date: _____   Decision made by: _____
(Printed Name/Title)

Deciding Official Signature (Sign in ink): _____   Office: _____

Fee/Date Stamp

| A-File Number: | Date: | If you are currently detained by ICE, provide the name of the detention facility: |
|---|---|---|
| Last Name: | First Name: | Middle Name: |
| Address (Number and Street): | Country of Citizenship: | Passport No: | Expiration Date: |
| Apartment Number: | Length of stay requested: [ ] One year  [ ] Six months  [ ] Three months  [ ] Other: |
| Town/City: | State: | Zip Code: | Arrested by police or other law enforcement agency (other than for immigration reasons) [ ] Yes - Documents attached  [ ] No |
| Telephone Number: | Cell Telephone Number: | |

**REASON(S) FOR REQUESTING A STAY OF DEPORTATION OR REMOVAL:**

_____
_____
_____
_____
_____
_____

**EVIDENCE SUBMITTED (attached):**

[ ] Medical   [ ] Brief   [ ] Other (specify): _____

I certify under penalty of perjury that the information provided and contained herein is true and correct to the best of my knowledge and belief:

_____   _____
(Printed Name)                     (Signature) (Sign in ink)

**INFORMATION IF FORM PREPARED BY OTHER THAN APPLICANT:**

I declare under penalty of law that this document was prepared by me at the request of the applicant and is based on all information of which I have knowledge. I understand that providing false information on behalf of the applicant could result in criminal prosecution and, upon conviction, a fine or imprisonment or both.

_____   _____
(Printed Name)                     (Signature) (Sign in ink)

(Telephone Number)   (Street Address)   (City)   (State)   (Zip Code)