DECLARATION OF VICTORIA SLATTON

I, Victoria Slatton, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I make this declaration based on my own personal knowledge and if called on to testify I could and would do so competently and truthfully to these matters.

2. I make this declaration to supplement my declarations filed on July 17 and July 29 in this case. *See* ECF No. 11-1; ECF No. 29-6.

3. When my clients are detained at facilities other than Alligator Alcatraz, I can use ICE's online locator (https://locator.ice.gov/odls/#/search/) to enter their information and look up their detention facilities. However, when I enter the information my clients at Alligator Alcatraz into the locator, it has no information for them—the same result I obtain when I look up someone who is not in ICE custody.

4. N.M.B. had a case before the Miami non-detained immigration court (and before the Board of Immigration Appeals) beginning in 2002. He was detained on July 11, 2025, at a scheduled check-in appointment with ICE at the ICE Miami Field Office's Miramar, Florida location. He was held at that field office until July 12, at which point he was transferred to Alligator Alcatraz.

5. In my prior declaration, I noted that my firm filed a bond motion with the Krome immigration court and received a rejection from that court on July 29, 2025. I then called the Miami non-detained immigration court, where N.M.B. had previously had a case, to determine whether we could file a bond motion on N.M.B.'s behalf at that court. I spoke with a court employee who identified herself as a supervisor. She informed me that the Miami non-detained immigration court takes the position that it lacks jurisdiction over Alligator Alcatraz, and that any bond motion filed in that court on behalf of someone detained at Alligator Alcatraz would be rejected.

6. Also on July 29, 2025, after signing my declaration, we tried again with the Krome immigration court because it was now clear to us that the Miami non-detained immigration court was not an option. Even though N.M.B. had not previously had an immigration case before the Krome immigration court, and that court had rejected a bond motion earlier that day, this time, the Krome immigration court calendared a hearing for the second bond motion. That hearing took place August 11 on the court's 8:30 am calendar. At the hearing, the judge stated that he lacked jurisdiction under *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), which he interpreted to mean that he could not consider the merits of N.M.B.'s bond application. The judge did not address at the hearing whether he had jurisdiction over cases of people who, like N.M.B., are detained at Alligator Alcatraz. N.M.B. was not brought to the court for this hearing, nor did he appear by video. In my experience, it is standard for the client to appear at bond hearings in person or by video from detention, and judges often ask the client questions as part of the hearing.

7. After the August 11 hearing, an attorney at my firm visited N.M.B. in person at Alligator Alcatraz. He ended the visit and left the facility at approximately 2:00 pm. Approximately two hours later, N.M.B.'s wife received a call from someone else detained with N.M.B., who stated that N.M.B. had been removed from the facility to be transferred elsewhere. As of the signing of this declaration on August 12, N.M.B. does not appear on the ICE detainee locator, and I still do not know his location.

Executed this 12th day of August, 2025, at Washington, D.C.

_____
Victoria Slatton